UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY NELSON, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>     Defendant. | C.A. No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Gary Nelson ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following based upon personal knowledge as to himself, upon information and belief, and the investigation of his undersigned counsel as to all other matters, and brings this Collective Action Complaint for unpaid overtime and employee misclassification against Defendant Anheuser-Busch, LLC ("Defendant" or "Anheuser-Busch"), as follows:

**I.     NATURE OF THE ACTION**

1.     Plaintiff was an employee of Anheuser-Busch's brewery located in Jacksonville, Florida. This case seeks redress for unpaid overtime compensation.

2.     Anheuser-Busch is a beer manufacturer that owns and operates twelve breweries across the United States, including locations in Merrimack, NH; Baldwinsville, NY; Newark, NJ; Williamsburg, VA; Columbus, OH; Jacksonville, FL; Cartersville, GA; St. Louis, MO; Houston, TX; Fort Collins, CO; Los Angeles, CA; and Fairfield, CA.[1]

3.     Anheuser-Busch employs scores of non-exempt workers around the country to maintain its operations across its brewery locations. Anheuser-Busch is the largest beer

---

[1] https://www.anheuser-busch.com/breweries

1

manufacturer in America (and the world) with an annual revenue of over $50 billion. Plaintiff and others similarly situated serve as the backbone of Anheuser-Busch, operating its assembly lines for bottling, canning, and kegs. Plaintiff and others similarly situated are dedicated to Anheuser-Busch and maintain its operations on three separate shifts, 24 hours per day, 365 days per year.

4. This case concerns Anheuser-Busch's knowing and willful failure to pay their non-exempt employees an overtime premium of one and a half times their regular rate of pay as required by the Fair Labor Standards Act (the "FLSA").

5. This action is intended to include each and every similarly situated employee who worked for Defendant nationwide at any time within the past (3) years.

6. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, to recover unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs against Anheuser-Busch for its unlawful actions.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this District pursuant to 28 U.S. §1391(b) because Defendant is incorporated in this District, does business in this District and is subject to personal jurisdiction in this District.

## III. PARTIES

9. Plaintiff Gary Nelson is a natural person and resident of Jacksonville, Florida and a citizen of Duval County, Florida.

10. Defendant Anheuser-Busch, LLC is a Missouri Limited Liability Company with its

principal place of business in St. Louis, Missouri. Membership in Anheuser-Busch is as follows:

    a. The sole member of Anheuser-Busch, LLC is Anheuser-Busch Companies, LLC, a Delaware limited liability company with its principal place of business in St. Louis, Missouri.

    b. The sole member of Anheuser-Busch Companies, LLC is Anheuser Busch InBev Worldwide, Inc., a Delaware corporation with its principal place of business in St. Louis, Missouri.

11. At all times relevant to this action, Defendant employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person as defined by the FLSA, 29 U.S.C. §§ 206-207.

12. Defendant's annual gross volume of business exceeds $500,000.00.

### IV.  FACTS

13. In total, Plaintiff was employed by Anheuser-Busch for over a decade and was employed during the relevant statutory period. Plaintiff was a model employee and received the highest praise for his performance and dedication to Anheuser-Busch's Jacksonville brewery. In October 2022, the Defendant recognized Mr. Nelson for his safety contributions to the brewery, including identifying safety hazards within the packaging department.

14. Plaintiff has worked for Anheuser-Busch at four of its breweries located in Columbus, Ohio; Van Nuys, California; Fairfield, California; and Jacksonville, Florida.

15. Plaintiff's job titles at Anheuser-Busch between May 16, 2022 and October 1, 2023 were Group Manager, Process Support Manager, and Shift Manager. The primary duty of his job was to package beer and bottle beer on the bottling, canning, and keg lines.

16. During their employment with Anheuser-Busch, Plaintiff and others with similar job duties and titles were classified by Anheuser-Busch as "exempt" from the overtime provisions of the FLSA.

17. This work was not the work of an exempt employee. In fact, the same job functions were also performed by other employees of Defendants without the title of "manager," who were classified as non-exempt and who received overtime premiums for hours worked over 40 in a week.

18. The bottle packaging duties of Plaintiff and others similarly situated were the most important part of their job.

19. The bottle packaging duties accounted for more than 95% of Plaintiff's and other similarly situated employee's jobs.

20. Plaintiff and other similarly situated employees were supervised in the same way that other bottle packagers were supervised.

21. Plaintiff and other similarly situated employees made approximately equal wages to the bottle and canning packagers who were classified as nonexempt. Other than additional duties involving paperwork to be turned in at the end of the shift, the bottle, canning, and keg packaging duties of Plaintiff and his similarly situated fellow workers were nearly identical to the other bottle packagers working in the plant.

22. During Plaintiff's career at the Jacksonville brewery, Plaintiff regularly worked more than forty hours in a workweek but was not paid for the majority of the hours he worked over forty in a week even though he worked the same job as a bottle and canning packager.

23. Anheuser-Busch employed other similarly situated employees at their brewery locations throughout the country whose job duties were similar to Plaintiff and who were

compensated in a similar manner to Plaintiff.

**A. Anheuser-Busch Failed to Pay Overtime Premiums to Plaintiff and Other Similarly Situated Employees that Worked Less than Four Overtime Hours in a Day.**

24. Plaintiff and other similarly situated employees worked an Anheuser-Busch corporate schedule that required employees with Plaintiff's job title and duties to work in Anheuser-Busch breweries five days a week for nine to 11 hours per day. This resulted in Plaintiff and other similarly situated employees working approximately 45-55 hours per week.

25. Upon information and belief, Anheuser-Busch's corporate policies and procedures do not provide payments of overtime premiums to Plaintiff or other similarly situated employees who work more than 40 hours in a week, yet less than 12 hours in a given day.

26. During the relevant statutory period, Plaintiff routinely worked in excess of 40 hours in a workweek and Defendant failed to pay an overtime premium when Plaintiff worked nine, 10, and 11 hour days.

27. Plaintiff and similarly situated employees have not been paid overtime premiums as required by law for all overtime hours they worked.

28. Upon information and belief, Anheuser-Busch's overtime policy where overtime premiums are only paid in four-hour increments is common at all of its facilities.

29. Anheuser-Busch treated Plaintiff and others similar situated as exempt from overtime because it was in Anheuser-Busch's financial interest to do so.

30. As a result, Anheuser-Busch has violated the FLSA by its failure to pay complete and proper overtime premiums for overtime hours worked by Plaintiff and others similarly situated.

31. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated

employees, are in the possession, custody, or control of Anheuser-Busch.

**B. Anheuser-Busch Failed to Pay Any Overtime Premiums to Plaintiff and Others Similarly Situated from October 1, 2022 Through December 31, 2022.**

32. From October 1, 2022 – December 31, 2022, Plaintiff worked in excess of 40 hours in a workweek and was not paid any overtime compensation, even when working in excess of four overtime hours in a day.

33. Around October 1, 2022, Defendant implemented a policy in which it refused to pay any overtime to Plaintiff and others similarly situated. Defendant claimed that it had suffered millions in losses and could not afford to pay overtime. Defendant relayed this financial predicament to Plaintiff and others similarly situated during a meeting with Plaintiff's supervisor on or around October 1, 2022.

34. Anheuser-Busch created its overtime suspension policy to "cut costs" and reassured its workers that it would only last for the fourth quarter of 2022.

35. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts that should have been paid to Plaintiff and other similarly situated employees, are in the possession, custody, or control of Anheuser-Busch.

**C. Anheuser-Busch Willfully Violated the FLSA.**

36. Anheuser-Busch's actions in violation of the FLSA as set forth herein were made willfully to avoid payment of overtime premiums required under the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions, misclassification, and failures to act.

37. Specifically, over the course of two months, Plaintiff made numerous attempts to receive proper overtime compensation that included all forms of remuneration, including the calculation of overtime pay for all hours worked over 40 hours in a work week.

38. Beginning in March 2023, Plaintiff complained to his direct supervisor and the human resources department about Anheuser-Busch's failure to accurately compute and pay overtime compensation that included the hours he worked over 40 hours in a work week, as well as the misclassification of workers.

39. Upon drawing attention to his paystubs, job duties, training from hourly employees, and sharing his complaints with human resources, Anheuser-Busch informed Plaintiff that it disagreed with his complaints.

40. At that time, human resources relayed that Plaintiff was ineligible for overtime compensation because he was a "salaried manager" at the company.

41. Plaintiff was unable to ultimately resolve his pay issues with Anheuser-Busch by utilizing the system that Defendant created for employees to voice grievances.

42. Anheuser-Busch had ample opportunity to pay Plaintiff and others similarly situated all overtime compensation lawfully owed. Given that Plaintiff engaged Anheuser-Busch in a protracted good faith effort to receive all overtime compensation owed, Anheuser-Busch had ample opportunities to reverse its wrongdoing, but elected not to do so.

43. By failing to pay overtime compensation owed to Plaintiff and other non-exempt employees as detailed above, Anheuser-Busch acted willfully and in reckless disregard of clearly applicable FLSA provisions.

## V. COLLECTIVE ALLEGATIONS

44. Plaintiff brings Count I of this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated individuals:

> All current and former employees of Defendant who had managerial job titles, whose primary job duties were those of bottling, canning, and/or keg packagers, who worked more than 40 hours in any workweek within the applicable

statute of limitations period and who were not paid overtime at a rate of at least one-and-one-half times their regular hourly rate for all hours worked over forty (the "Collective") on or after January 10, 2021.

45. The Collective consists of similarly situated employees performing the same job as Plaintiff at Defendant's bottling plants across the country.

46. The Collective Members have been the victims of Defendant's common and uniform policies and practices that have violated their rights under the FLSA and its implementing regulations by denying them their properly calculated overtime wages on the portion of their wages attributable to overtime.

47. Defendant's unlawful conduct has been willful and has caused significant damage to Plaintiff and the Collective.

48. The Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These employees are known to Defendant and are readily identifiable through Defendant's records. The Employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

49. Plaintiff reserves the right to amend the Collective Action definitions if further investigation and discovery indicates that the Collective Action definitions should be narrowed, expanded, or otherwise modified.

## COUNT I
### Violation of the FLSA 29 U.S.C. § 201, *et seq.*

50. Plaintiff incorporates by reference each and every factual allegation set forth above.

51. Defendant is an "employer" within the meaning of 29 U.S.C. §§ 203(c) and 206(a).

52. Plaintiff and the Members of the Collective were or are "employees" within the meaning of 29 U.S.C. §§ 203(e), 206(a), 207(a).

53. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Anheuser-Busch.

54. Anheuser-Busch was and is an employer of Plaintiff and other similarly situated current and former employees and Defendant is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55. Anheuser-Busch has failed to pay Plaintiff and other similarly situated current and former employees the wages to which they were and are entitled under the FLSA.

56. Plaintiff and members of the Collective are not exempt from the requirements of the FLSA.

57. 29 U.S.C. § 207 requires Defendant to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over 40 in a work week.

58. Plaintiff and members of the Collective are entitled to be paid overtime compensation for all hours worked over 40 in a work week.

59. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e).

60. The Supreme Court has held that the term "regular rate" "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v. Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.* 323 U.S. 37, 40 (1944)).

61. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 29 U.S.C. § 207(e); 29 U.S.C. § 778.108.

62. Upon information and belief, Defendant has implemented an overtime policy where it does not pay Plaintiff and Collective members an overtime premium for all hours worked over

40 in a week.

63. Defendant's action violated and continue to violate the FLSA and its implementing regulations.

64. In violating the FLSA, Defendant acted willfully, intentionally, and with reckless disregard of clearly applicable FLSA provisions.

65. As a result of Defendant's willful violations of the FLSA, Plaintiff and members of the Collective have suffered damages by being denied overtime wages in accordance with the FLSA and its implementing regulations, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b). Because Defendant's violations of the FLSA have been willful a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Providing prompt written notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective Members;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. Holding that Plaintiff and the Collective are entitled to back pay damages (including unpaid overtime compensation) and prejudgment and post-judgment interest to the fullest extent permitted under the law;

e. Providing liquidated damages to the fullest extent permitted under the law;

 f. Requiring Defendant to pay litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

 g. Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: January 11, 2024             Respectfully submitted,

Of Counsel:                  **FARNAN LLP**

Brian W. Warwick              */s/ Michael J. Farnan*
Christopher J. Brochu            Brian E. Farnan (Bar No. 4089)
**VARNELL & WARWICK, P.A.**       Michael J. Farnan (Bar No. 5165)
400 N. Ashley Drive, Suite 1900        919 N. Market St., 12th Floor
Tampa, FL 33602              Wilmington, DE 19801
Phone: (352) 753-8600           Phone: (302) 777-0300
bwarwick@vandwlaw.com          Fax: (302) 777-0301
cbrochu@vandwlaw.com           bfarnan@farnanlaw.com
                          mfarnan@farnanlaw.com

Matthew K. Handley
**HANDLEY FARAH & ANDERSON PLLC**
1201 Connecticut Avenue, NW, Suite 200K
Washington, DC 20036
Phone: (202) 559-2411
mhandley@hfajustice.com

William A. Anderson
**HANDLEY FARAH & ANDERSON PLLC**
5353 Manhattan Circle, Suite 204
Boulder, CO 80303
Phone: (303) 800-1952
wanderson@hfajustice.com

                          *Attorneys for Gary Nelson and the*
                          *Proposed Collective*